UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| J. P. Douglas, Jr., | ) | C/A No.: 9:12-01263-JMC-BM |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Warden Darlene Drew, | ) | |
| Respondent. | ) | |

Petitioner, J. P. Douglas, Jr., proceeding *pro se*, files this action pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated at Federal Correctional Institution ("FCI") Bennettsville, located in the State of South Carolina.

The petition states that, on March 1, 2005, the United States District Court for the Middle District of North Carolina sentenced Petitioner to 162 months imprisonment for the offense of possession with intent to distribute cocaine base. ECF No. 1, page 2. A review of the records in Petitioner's criminal case reflect that he filed a notice of appeal on January 30, 2006. *United States v. J.P. Douglas, Jr.*, Criminal Case No. 1:04-00326-JAB-1(M.D.N.C. July 3, 2006) ECF No. 33 . Petitioner simultaneously filed a document entitled "Motion for Out of Time Appeal," which the sentencing court denied on February 17, 2006. *Id.* at ECF No.'s 34, 36. Petitioner apparently filed a motion to dismiss his direct appeal, which the Fourth Circuit Court of Appeals granted on June 9, 2006. *Id.* at 43. On March 2, 2006, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *J.P. Douglas, Jr. v. United States*, Civil Action No. 1:06-00207-JAB-PTS (M.D.N.C. July 16, 2007) ECF No. 1. Petitioner thereafter filed a "Voluntary Motion to

Dismiss 2255 Petition," which the sentencing court granted on July 16, 2007. *Id.* at ECF No.'s 17, 18.

In the § 2241 Petition filed in this Court, Petitioner asks this Court to vacate his sentence. ECF No. 1-1, page 1.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the Petitioner's *pro se* pleading pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and the holding in *Haines v. Kerner*, 404 U.S. 519 (1972)(*pro se* complaints held to less stringent standards than formal pleadings drafted by lawyers). However, even when considered under this less stringent standard, the undersigned finds that the *pro se* petition filed in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)(citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "[Section] 2241 may [only] be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982 at *1 (4th Cir. Dec. 22, 2000). The "savings clause" states:



> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective.

It is noted that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d at 1194 n.5 (citations omitted). To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir.2000). In *Jones*, the Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333–34.

Petitioner cannot satisfy all the elements of this test. Specifically, the second element of the test requires that the "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." The petition provides no evidence that the conduct for which Petitioner was convicted has been deemed non-criminal by any substantive law change. Instead, Petitioner argues that he should be allowed to proceed under § 2241 because a change in the

3

law renders his sentence enhancement improper. ECF No. 1-1 at 1. However, Fourth Circuit precedent has "not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008)(citing *In Re Jones*, 226 F.3d at 333–34); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir 2010)("[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from actual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."). Because Petitioner's claims are insufficient to invoke the savings clause embodied in § 2255, he is barred from proceeding with this habeas corpus action under § 2241.

Finally, it is also not in the interest of justice to re-characterize this case as a motion under 28 U.S.C. § 2255 for purposes of transferring it to the sentencing court. *Cf. Shaw v United States*, No. 09-8196, 2011 WL 915814 (4th Cir. March 17, 2011). Section 2255(f) applies a one-year limitations period to motions to vacate. However, in situations where a right to relief has been recognized by the Supreme Court, § 2255(f) allows the one-year period of limitation to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized . . . and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The instant petition seeks retroactive application of the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), to Petitioner's federal sentence. To date, however, the Fourth Circuit has not held that *Simmons* is retroactive.[1] Moreover, the Supreme Court of the United States has *not* held that the holding in *Carachuri–Rosendo v. Holder*, 130 S.Ct. 2577

---

[1], The numerous remands issued by the Court of Appeals, since *Simmons*, have been direct appeals or direct appeals on remand from the Supreme Court of the United States. *See, e.g., United States. v. Smith*, No. 10-5320, 2012 WL 11222 (4th Cir. Jan. 4, 2012)(direct appeal); *United States v. White*, No. 09-4257, 2011 WL 5008534 (4th Cir. Oct. 20, 2011) (direct appeal on remand from Supreme Court of the United States).



4

(2010), the case on which the holding in *Simmons* is based, is retroactive to cases on collateral review. Therefore, even if construed as a motion under § 2255(f)(3), the instant case would be untimely filed. *See McClain v. United States*, Nos. 3:12-cv-5, 3:08-cr-218, 2012 WL 294422 at *2 (W.D.N.C. Feb. 1, 2012)("Even if Petitioner's reliance on *Simmons* were considered to incorporate the Supreme Court's *Carachuri-Rosendo* decision, the motion would still be untimely [because] *Carachuri-Rosendo* was decided on June 14, 2010.").

### Recommendation

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice and without requiring the Respondent to file a return.

IT IS SO RECOMMENDED.

Bristow Marchant
United States Magistrate Judge

June 6, 2012.
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

